UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 5:19-cr-00184-GFVT-MAS-1 |
| TYJUAN RAYSHAWN ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

The Court, on referral from Judge Van Tatenhove, considers reported violations of supervised release conditions by Defendant Tyjuan Robinson ("Robinson"). Considering the record, proffer, and Robinson's allocution at the revocation hearing, the Court recommends that the District Court revoke Robinson's term of supervised release and sentence him to 7 months' imprisonment, with 36 months of supervised release to follow.

**I.   BACKGROUND**

On January 14, 2020, Robinson pleaded guilty to possessing with intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). [DE 22 (Minutes for Rearraignment and Plea); DE 1 (Indictment)]. On July 21, 2020, Judge Van Tatenhove sentenced Robinson to 24 months' imprisonment, to be followed by three years of supervised release. [DE 36 (Judgment)]. Robinson was released from custody and began serving his supervised release term on February 5, 2021. His Judgment included, among others, the following standard and special supervised release conditions:

> **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation

officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Special Condition #3:** You must participate in a substance abuse treatment program and must submit drug and alcohol testing at the direction and discretion of the probation office during the term of supervision. Said program may include one or more cognitive behavioral approached sot address criminal thinking patterns and antisocial behaviors. You must pay for the cost of treatment services to the extent you are able as determined by the probation officer.

On December 21, 2021, United States Probation Officer Glenn C. Collins ("Officer Collins") submitted correspondence ("Violation Report") alleging two violations of Robinson's above-referenced conditions of release. First, Robinson contacted Officer Collins in November of 2021 and advised that he was staying from house to house and was essentially homeless. Robinson agreed to report to the United States Probation Office ("USPO") on November 8, 2021, but never did so. Officer Collins attempted to communicate with Robinson multiple times thereafter, but Robinson did not respond. (Violation 1). Second, Robinson failed to attend substance use disorder treatment in August and November of 2021. Robinson also had not been in contact with his treatment facility to set up treatment session for December of 2021. (Violation 2). In response to the December 21 Violation Report, Clerk of the Court, Robert Carr, issued a warrant for Robinson's arrest. [DE 44]. The Marshal Service arrested Robinson on the pending violations on August 22, 2022. [DE 48].

## II.    PROCEDURAL HISTORY

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on August 24, 2022. [DE 45]. The Court advised Robinson of his constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A). [DE 45]. Robinson knowingly, voluntarily, and intelligently waived his right to a preliminary hearing; thus, the Court found probable cause that the allegations in the

2

violation report were true. [DE 45]. The United States moved for interim detention, and Robinson sought release. [DE 45]. After hearing from one witness and the arguments of counsel on the issue, the Court determined that Robinson failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3413(a) and ordered that Robinson remain in custody pending the final hearing. [DE 45].

At the final hearing on September 6, 2022, the Court found Robinson to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. [DE 49]. For purposes of the Rule 32.1 proceedings, Robinson admitted the factual bases for the violations as described in the Violation Report. [DE 49]. Accordingly, the Court found that the United States established the reported Violations 1 and 2 as reflected in the Violation Report pursuant to 18 U.S.C. § 3583(e). [DE 49].

Each of Robinson's two violations are Grade C violations under the Guidelines. "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." United States Sentencing Guidelines ("USSG") § 7B1.2(b). The Court thus utilizes Grade C for Guidelines determination purposes in this case. Robinson's criminal history category, as established at the time of his original Judgment, is Category III. The parties do not dispute that the applicable Guidelines imprisonment range is thus 5 to 11 months. *See* USSG § 7B1.4(a). The statutory maximum term upon any revocation is 24 months, given that the original offense is a Class C felony, and the term of supervised release that could be reimposed is a minimum of 36 months and a maximum of life. 18 U.S.C. §§ 3583(e)(3), (h).

At the final hearing, the defense advocated for a 90-day revocation sentence and broadly suggested that Robinson receive some form of life coaching as a condition of subsequent

3

supervision, although the defense acknowledged that it was not sure how the Court would fashion such a condition. The defense also acknowledged that Robinson's violation was lengthy and that some term of imprisonment was thus warranted. The defense pointed out, however, that Robinson served approximately five months in state custody on charges that were ultimately dismissed during the period in which he violated the terms of his supervised release, and it asked the Court to consider that period of incarceration in imposing a sentence. Robinson also stated to the Court that he takes full responsibility for his violations and that he hopes to return quickly to employment so that he can contribute to raising his newborn son.

     The United States advocated for a sentence within the Guidelines range, to be followed by 36 months of supervision. The United States emphasized the total lack of communication with the probation office during the period in which Robinson violated the terms of his supervised release. And, significantly, the United States submitted into evidence a police report indicating that, in March 2022, officers executing a search warrant on a residence in Lexington, Kentucky, encountered Robinson and two other individuals leaving the residence. [Gov. Exhibit A]. According to the report, when officers arrived on the scene, Robinson and the other two individuals, who had just exited the residence and were in the process of getting into a vehicle, fled. [*Id*.]. Officers detained all three individuals and searched each of them. [*Id*.]. Robinson had approximately 3.5 grams of marijuana on his person. [*Id*.]. The second individual was found with approximately 67.5 grams of fentanyl and three oxycodone polls on his person, and the third person was found to be carrying a stolen firearm. [*Id*.]. Moreover, officers uncovered 1.5 pounds of methamphetamine, 42 grams of powder cocaine, 43.6 grams of crack cocaine, and approximately 275 grams of fentanyl inside the vehicle the three individuals were getting into when officers

4

arrived. [*Id*.]. Four additional firearms, two of which were stolen, were recovered from the residence. [*Id*.].

The Court endeavors to strike an apt balance across all sentencing purposes and statutory factors and recommends a middle-Guidelines imprisonment sentence, to be followed by an additional supervised release term of 36 months.

### III.   ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Robinson's violations, the Presentence Investigation Report ("PIR"), and the factors set forth in 18 U.S.C. § 3583(e). Given Robinson's failure to participate in any way with the supervised release process or any substance-use treatment program from December 2021 until his arrest in August 2022, the Court recommends that the District Judge revoke Robinson's current term of supervision based on the instant violations. Considering the incorporated § 3553(a) factors, revocation is warranted to appropriately reflect the circumstances surrounding the instant violations and Robinson's original offense, to adequately deter Robinson from future criminality, and to protect the public from any such future crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C). Revocation is also a necessary consequence for Robinson's abuse of the Court's trust. *See* USSG § 7, Pt. A. intro. comment 3(b) (observing that "revocation . . . should sanction primarily the defendant's breach of trust").

In recommending a specific revocation sentence, the Court carefully considers the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the applicable Guidelines range. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Robinson's original offense involved possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). Per the PIR, the circumstances surrounding Robinson's original offense and arrest are aggravating.

[PIR ¶¶ 7–15].[1]  Between April 30, 2019, and May 21, 2019, officers conducted three controlled purchases of fentanyl from Robinson. [PIR ¶¶ 8–10]. Then, on May 23, 2019, officers patrolling an area known for narcotics trafficking and prostitution complains encountered Robinson as a passenger in a parked vehicle. [PIR ¶ 11]. A probable-cause search of the vehicle yielded several pre-packaged baggies containing marijuana, a cigar containing marijuana, and a partially consumed alcoholic beverage container. [PIR ¶ 11]. Robinson provided a false name when speaking to officers, and a search of Robinson's person incident to arrest for providing a false name produced approximately 13 grams of fentanyl and a precursor to illicitly produced fentanyl, along with 79.5 oxycodone tablets. [PIR ¶¶ 12–13]. After that incident, Robinson was arrested and charged in state court, but was released on bond. [PIR ¶ 12]. Then, just five days later, law enforcement again conducted a controlled purchase of fentanyl from Robinson. [PIR ¶ 14].

      Robinson's prior criminal history, although relatively brief, also causes some concern, as it indicates Robinson's unwillingness to seize criminal activity after judicial intervention. In 2012, Robinson was convicted in Michigan Juvenile Court of breaking and entering. [PIR ¶ 30]. He was then convicted of first-degree home invasion, and he was sentenced to 12 months' imprisonment. [PIR ¶ 32]. Robinson then violated the terms of his probation stemming from that charge, and an arrest warrant for that violation was still active at the time he was arrested on the original offenses in this case. [PIR ¶ 32]. Robinson also had a number of pending criminal charges at the time he committed the underlying offense in this case. While the majority of those pending charges are relatively minor traffic offenses, the PIR indicates Robinson had a pending charge for burglary from 2013. [PIR ¶¶ 41–42].

---

[1] Robinson's objections to the PIR were resolved, and Judge Van Tatenhove adopted the PIR in full as the factual findings at Robinson's original sentencing. [DE 35].

The Court also notes Robinson's history of substance use disorder, which is concerning considering his failure to pursue substance use disorder treatment as mandated by the Court in this case. The PIR reflects that Robinson used marijuana daily from age 19 and prescription opiates daily until his arrest for the original offense in this case, when he was 23 years old. [PIR ¶ 53].

Moreover, Robinson's conduct while on supervised release is deeply concerning. As noted, Robinson essentially ceased participation with the supervised release process and substance use treatment from December 2021 until his arrest in August 2022. He also remained out of contact with the USPO for the duration of that time. And, as the United States noted at the final hearing, Robinson appears to have been associated with both firearms and narcotics, at least tangentially, at some point during the large span of time that he was noncompliant.

In sum, the combination of the nature and circumstances of the underlying offense, the conduct in Robinson's criminal history, Robinson's characteristics, and the current violations is aggravating, as it highlights Robinson's proclivity to continue engaging in criminal activity even after judicial intervention and his failure to avail himself of treatment services when ordered to do so. *See* 18 U.S.C. § 3553(a)(1).

These considerations also underscore the need for the current revocation sentence to deter Robinson from future, escalating criminal conduct and to protect the public from Robinson's potential to continue drug trafficking. *See* 18 U.S.C. §§ 3553(a)(2)(B), (C). For these reasons, the Court views a middle-Guidelines sentence as appropriate in this instance. Such a sentence reflects the salient § 3553(a) factors, as discussed, and accords the Guidelines themselves proper consideration.

However, other aspects of Robinson's characteristics, *see* § 3553(a)(1), as well as § 3553(a)(2)(D)'s aim to provide correctional and other treatment in the most effective manner, drive

7

the Court to recommend a custodial sentence slightly lower than the exact middle of the Guideline range.  Robinson took responsibility for his conduct at the hearing, and he expressed a genuine desire to remain crime-free and gain employment so that he may provide for his newborn son.  The Court appreciates Robinson's thoughtful allocution and acknowledgment that his conduct must change.

Ultimately, those mitigating considerations guide the Court toward recommending a revocation sentence of 7 months.  They further counsel an additional substance use disorder treatment requirement during the period of supervision to follow.  The Court therefore recommends a 36-month term of supervised release.  The Court perceives that, on balance, a sentence of 7 months' imprisonment is sufficient but not greater than necessary to achieve the revocation sentencing goals, and it will allow Robinson to soon reintegrate back into the community and to fully embrace outpatient substance use disorder treatment.

### I.   CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

(1) Robinson be found guilty of all violations;

(2) Robinson's current term of supervised release be **REVOKED**;

(3) Robinson be sentenced to an incarceration period of **SEVEN (7) MONTHS**; and

(4) Robinson serve a 36-month term of further supervised release to follow, inclusive of the conditions already imposed by the underlying Judgment.

Robinson preserved his right of allocation.  Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended

decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    Entered this 20th day of October, 2022.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY