UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 5:19-cr-00184-GFVT-MAS-1 |
| v. | ) | |
| | ) | **ORDER** |
| TYJUAN RAYSHAWN ROBINSON, | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 51.] Defendant Tyjuan Rayshawn Robinson has been charged with violations of his supervised release. In 2020, Mr. Robinson was sentenced to 24 months of imprisonment followed by three years of supervised release after pleading guilty to possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). [R. 36.]

On February 5, 2021, Mr. Robinson was released from custody and began serving his supervised release term. The United States Probation Office's violation report now alleges two violations of Mr. Robinson's conditions of supervised release. First, Mr. Robinson allegedly violated the condition that he live at a place approved by a probation officer and inform the officer before changing living arrangements. He allegedly violated this condition because he agreed to report to the United States Probation Office after telling a probation officer he was without a stable living environment, but Mr. Robinson failed to report to the office and did not respond to the probation officer's attempts to contact him. Second, Mr. Robinson allegedly

violated the condition that he participate in a substance abuse treatment program and submit to drug testing by failing to begin treatment.  Each violation constitutes a Grade C violation.

Mr. Robinson appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 45.]  During the hearing, Mr. Robinson made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing.  *Id.*  The United States then moved for interim detention, and Mr. Robinson argued for release.  *Id.*  Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Stinnett remanded Mr. Robinson to the custody of the United States Marshal.  *Id.*

On September 6, 2022, Mr. Robinson appeared before Judge Stinnett for his final hearing.  [R. 49.]  There, Judge Stinnett found that Mr. Robinson "competently, knowingly, voluntarily, and intelligently stipulated to" the violations.  *Id.*

During the final hearing, the parties also presented their recommended sentences.  [R. 51 at 3-4.]  Mr. Robinson recommended a 90-day revocation sentence and suggested that he receive life coaching as a condition of supervision.  *Id.*  Mr. Robinson also suggested that the Court consider the five months he served in state custody for charges later dismissed.  *Id.* at 4.  Moreover, Mr. Robinson stated that he takes full responsibility for the violations and hopes to find employment to support his child.  *Id.*  The government argued for a sentence within the guideline range followed by 36 months of supervision.  *Id.*  In support, the government emphasized Mr. Robinson's lack of communication with the probation office and submitted into evidence a police report.  *Id.*  The police report described an encounter with Mr. Robinson and two other individuals, where police stopped Mr. Robinson and the others who were leaving a residence and entering a vehicle.  *Id.*  Police found marijuana on Mr. Robinson as well as a large

quantity of methamphetamine, powder cocaine, crack cocaine, fentanyl, and firearms in the vehicle and residence. *Id.*

Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a Class C felony for possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). Under 21 U.S.C. § 841(b)(1)(c), a Class C felony conviction carries a 24-month maximum period of incarceration following a revocation. Judge Stinnett analyzed the Policy Statements in Chapter 7 and determined, given Mr. Robinson's criminal history category of III (at the time of his original conviction) and admitted Grade C violation, that Mr. Robinson's range of revocation is five to eleven months. [R. 51 at 3.]

After hearing both arguments, Judge Stinnett evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Stinnett recommended revocation with a term of seven months of incarceration with a 36-month term of supervised release to follow, which would be inclusive of the conditions already imposed by the underlying Judgment. *Id.* at 8.

Judge Stinnett reasons that this sentence reflects Mr. Robinson's abuse of the court's trust and the seriousness of the underlying offense, adequately deters Mr. Robinson from future criminal activity, and protects the public from future crimes. *Id.* at 5; 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C). Specifically, Judge Stinnett noted that Mr. Robinson's failure to begin substance abuse treatment is particularly concerning because of his history of frequent drug use. [R. 51 at 7.] Judge Stinnett also particularly considered the lengthy time that Mr. Robinson "essentially ceased participation with the supervised release process" from December 2021 until his arrest in

3

August 2022.  *Id.*  For these reasons, and to encourage Mr. Robinson to complete substance abuse treatment, Judge Stinnett recommends seven months of incarceration followed by 36 months of supervised release.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 9; *see* 28 U.S.C. § 636(b)(1).  Mr. Robinson did not file any objections to Judge Stinnett's Report and Recommendation and filed a waiver of allocution on October 25, 2022. [R. 52.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 51]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Robinson is found **GUILTY** of all violations;

3. Mr. Robinson's supervised release is **REVOKED**;

4. Mr. Robinson is **SENTENCED** to a term of seven months of incarceration, to be followed by a 36-month term of supervised release, inclusive of conditions already imposed; and

5. Judgment shall enter promptly.

This the 8th day of November, 2022.

Gregory F. Van Tatenhove
United States District Judge