UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:19-cr-00184-GFVT-MAS-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TYJUAN RAYSHAWN ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett.  [R. 62.]  In 2020, this Court sentenced Defendant Tyjuan Robinson to twenty-four months of imprisonment followed by three years of supervised release after he pleaded guilty to possessing with intent to distribute a quantity of a mixture or substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1).  [R. 36.]  The United States Probation Office now charges Mr. Robinson with three violations of his terms of supervision for testing positive for cocaine, denying his of cocaine but admitting to using marijuana, and consuming a product designed to "clean his system."  [R. 62 at 2-3.]  Violations One and Three are Grade C violations while Violation Two is a Grade B violation.  *Id.* at 3.

Mr. Robinson appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 58.]  During the hearing, Mr. Robinson knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing.  *Id.*  On July 13, 2023, Mr. Robinson appeared before Judge Stinnett for his final hearing.  [R. 61.]  Here, Judge Stinnett found that Mr. Robinson "competently, knowingly, voluntarily, and intelligently" stipulated to the charged violations.  *Id.*

After hearing the parties' arguments, Judge Stinnett issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 62.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen days after service. *Id.* at 7; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no party has objected to the Report and Recommendation. Mr. Robinson also waived his right to allocution. [R. 63.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 62]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Robinson is found **GUILTY** of the above violations;

3. Mr. Robinson's supervised release is **REVOKED**;

2

4.  Mr. Robinson is **SENTENCED** to a term of incarceration of **ten months**, followed by a 24-month term of further supervised release to follow, including the conditions already imposed by the prior Revocation Judgment; and

5.  Judgment shall enter promptly.

This the 23d day of August, 2023.

Gregory F. Van Tatenhove
United States District Judge