UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 5:19-cr-00184-GFVT-MAS |
| v. | ) ) ) | |
| TYJUAN RAYSHAWN ROBINSON, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on two separate reports of alleged violations by Defendant Tyjuan Robinson of his supervised release conditions ("the May 2024 Report with February 2025 Addendum" and "the April 2025 Report"). Magistrate Judge Stinnett held two separate final hearings on each report. He also issued two Recommended Dispositions—one for each report. [R. 74; R. 81.] Mr. Robinson objected to Judge Stinnett's Disposition as to the April 2025 Report. [R. 82.] He did not object to the Disposition as to the May 2024 Report. This Court held an allocution hearing, during which it considered arguments relating to both Recommended Dispositions. For the reasons that follow, the Recommended Dispositions **[R. 74; R. 81]** will be **ADOPTED** and the Objection **[R. 82] OVERRULED.**

**I**

Judgment was originally entered against Mr. Robinson in July of 2020, after he pled guilty to one count of possession with intent to distribute fentanyl.[1] [R. 36.] He was sentenced to 24 months of imprisonment, followed by a 3-year term of supervised release. *Id.* Robinson

---

[1] Judge Stinnett's Recommended Dispositions accurately set forth a more detailed account of the factual and procedural background of the case. [*See* R. 74; 81.] In addition to what the Court summarizes in its discussion below, the Court incorporates Judge Stinnett's discussion of the record into this Order.

began his supervision on February 5, 2021.

On May 8, 2024, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. An Addendum to that report issued on February 19, 2025. Mr. Robinson made his initial appearance on February 3, 2025, and was remanded to custody at that time. [R. 69.] The Report and subsequent Addendum charged Mr. Robinson with four violations, stemming from his use of marijuana and failure to attend treatment and follow directions. *Id.* Mr. Robinson stipulated to Violations 1-4. [R. 74.]

But shortly after Robinson's final revocation hearing on March 10, 2025, a separate Violation Report issued. That Report (the April 2025 Report) charged Robinson with one Violation relating to trafficking fentanyl.

Judge Stinnett issued two Recommended Dispositions. His Disposition on the May 2024 and February 2025 Violations recommended that Robinson be found guilty of Violations 1-4, that his supervision be revoked, and that he be sentenced to a term of 9 months of incarceration. [R. 74.] Judge Stinnett's second Disposition on the April 2025 Violation recommended that Robinson be found guilty of the Violation, that his supervision be revoked, and that he be sentenced to 22 months imprisonment, to run concurrently with the 9-month sentence recommended in the initial Disposition. [R. 81.]

Though Robinson does not contest his guilt, he objects to the sentence proposed in Judge Stinnett's second Recommended Disposition. [R. 82.] In particular, he proposes a 12-month sentence instead of a 22-month sentence. *Id.* He notes that the United States agrees to the 12-month proposal. *Id.*

## II

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after

2

service to register any objections to the Recommended Disposition or else waive her rights to appeal. In order to receive *de novo* review by this Court, any objection must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

  Mr. Robinson, through counsel, has objected to the recommended sentence. [R. 82.] Specifically, he argues that he is expected to receive a substantial state court sentence in connection with his fentanyl trafficking violation. *Id.* He avers that a 12-month federal sentence, in conjunction with his state court sentence, is sufficient. *Id.* Finally, he cites his personal struggles and renewed motivation to change. *Id.* Mr. Robinson's objection is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c).

  At the Allocution Hearing in this matter, the Court heard argument from the United States and defense counsel. [R. 84.] Mr. Robinson also exercised his right of allocution. At the conclusion of the hearing, this Court took the objection under advisement. *Id.*

   On *de novo* review, the Court finds that Judge Stinnett's recommended sentence is appropriate. First, Judge Stinnett noted the severity of Mr. Robinson's fentanyl trafficking violation. As he emphasized, this violation closely resembles the conduct underlying Mr. Robinson's original federal offense, raising serious concerns about recidivism. These concerns

are further augmented by Mr. Robinson's problematic history on supervision. Since 2022, Mr. Robinson has engaged in a series of increasingly severe violations. Judge Stinnett considered the possibility of a state custodial sentence, reasoning as follows: "although a state custodial sentence imposed in connection with the instant violation charges may punish the underlying criminal conduct, it does not adequately address Robinson's breach of this Court's trust or his repeated failures to comply with its terms of supervision. The conduct at issue is not an isolated lapse of judgement, but part of a clear and escalating pattern." [R. 81 at 9-10.] Finally, Judge Stinnett considered Mr. Robinson's concerns about his very young children, but noted that Mr. Robinson's repeated violations warranted a sentence slightly above the middle of the guideline range.

The Court has examined the record and arguments made during the allocution hearing. It agrees with Magistrate Judge Stinnett's reasoning and recommended term of imprisonment and supervision. The Court sympathizes with Mr. Robinson's newfound desire to change for his children. However, it will note that Robinson's young children have been present throughout his string of previous violations. Evidently they did not serve as a deterrent to those violations, or the instant violations. The Court is further swayed by Mr. Robinson's continuing recidivism, and the fact that his repeated violations are becoming progressively more serious. The instant Violation, trafficking fentanyl, is a serious crime and a substantial breach of the Court's trust. For all these reasons, the Court agrees with Judge Stinnett that a 22-month sentence is appropriate to reflect the seriousness of the violations. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Stinnett's Recommended Dispositions **[R. 74; R. 81]** are **ADOPTED** as and for the Opinion of the Court;

4

2. Defendant Tyjuan Robinson is **ADJUDGED** guilty of Violations 1-4 on the first Violation Report and Violation 1 in the second Violation Report; and

3. The Defendant's supervisory period is **REVOKED** with a term of incarceration of **twenty-two (22) months** imprisonment, to run concurrently with the nine (9) month custodial sentence previously recommended in connection with Robinson's May 2024 Violation Report;

4. Following his term of imprisonment, Defendant Robinson **SHALL** be placed back on supervised release for **twelve (12) months**, subject to all of the conditions imposed in his prior revocation judgment.

This the 1st day of July, 2025.

Gregory F. Van Tatenhove
United States District Judge